UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS D. EDWARDS                                                                                        PETITIONER

VERSUS                                                    CIVIL ACTION NO. 3:19CV211-TSL-RHW

VICTOR MASON                                                                                              RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Marcus Edwards filed a 28 U.S.C. § 2241 petition challenging his pre-trial confinement in the Hinds County Detention Center. Edwards was arrested on July 24, 2017, and charged with aggravated assault, armed robbery, and burglary of a dwelling. Doc. [11-1]. At the time of his arrest, Edwards was on probation from a manslaughter conviction. Doc. [11-2]. As a result of the more new charges, the Hinds County Circuit Court revoked Edwards' probation and sentenced him to serve a two-year sentence in the custody of the Mississippi Department of Corrections (MDOC). *Id.* Edwards was released from custody of the MDOC on September 14, 2018 and remanded to the custody of Hinds County to face the charges from his July 24, 2017 arrest. *See* Doc. [11] at 2. Edwards filed the instant petition on March 29, 2019. Subsequently, on May 2, 2019, a grand jury in Hinds County indicted Edwards on a charge of armed robbery, with a trial setting of November 18, 2019. Doc. [11-3]. The trial date was later moved to May 11, 2020. Doc. [14-3]. On February 7, 2020, the grand jury indicted Edwards on charges of conspiracy, attempted armed robbery, burglary of a dwelling, aggravated assault, and capital murder. Doc. [14-4]. His trial on these charges also is currently set for May 11, 2020. Doc. [14-5].

In his petition, Edwards argues his due process rights have been violated, his constitutional right to a speedy trial has been denied, and his detention is illegal. Respondent filed a motion to dismiss and supplement to the motion to dismiss and argues Edwards' petition fails to state a claim. Doc. [11] [14]. Edwards has not filed a response in opposition.

## Law and Analysis

Edwards' federal habeas petition challenges his confinement on pending state criminal charges currently set for trial on May 11, 2020. In the prayer for relief, Edwards requests immediate release from custody. As a pre-trial detainee, Edwards has the right to seek habeas relief pursuant to § 2241. However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden*, 410 U.S. at 493. To the extent Edwards seeks to have the charges dismissed against him based on due process and speedy trial claims, his petition is without merit. He has not identified any special circumstances that would cause this Court to entertain his premature request for release from custody. Accordingly, Edwards' petition should be dismissed with prejudice for failure to state a claim upon which § 2241 relief may be granted.

In the alternative, Edwards' petition fails because he has not exhausted state remedies. As the Fifth Circuit explained, "although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v.*

*Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).  Edwards filed a motion in Hinds County Circuit Court to have the charges against him dismissed based on a speedy trial violation.  Doc. [11-7].  At the time of Respondent's motion to dismiss, Edwards' motion was still pending.  Doc. [11] at 7.  There is no indication in the record that Edwards completed available state remedies prior to bringing the instant petition.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [11] Motion to Dismiss be GRANTED and that Marcus Edwards' 28 U.S.C. § 2241 petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 14th day of April 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE